**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

**National Association of Diversity Officers in Higher Education,** *et al.*,

Plaintiffs,

**v.**

**Donald J. Trump,** *et al.*,

Defendants.

Civil Case No. 8:26-cv-01532

## PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiffs National Association of Diversity Officers in Higher Education ("NADOHE"), American Association of University Professors ("AAUP"), United Academics of Maryland-University of Maryland, College Park ("UAM-UMD"), National Association of Minority Contractors ("NAMC"), and the National Association of Minority Contractors, DMV Chapter ("NAMC-DMV") hereby give notice that they voluntarily dismiss this action without prejudice. Plaintiffs voluntarily dismiss this case without prejudice in light of the Court's conclusion that the challenged Executive Order merely "mandates compliance with existing laws," Dkt. 47 ("Order") at 17, and that "settled antidiscrimination[]law . . . materially narrows" the reach of the Executive Order and Federal Acquisition Regulatory ("FAR") Council implementation action. *See id.* at 7.

Defendants have neither filed an answer to Plaintiffs' complaint nor moved for summary judgment. Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that under these circumstances, a plaintiff may voluntarily dismiss their case without leave of court. A voluntary dismissal under this subsection is without prejudice, unless the notice states otherwise. Fed. R. Civ. P. 41(a)(1)(B).

In support of their notice, Plaintiffs state:

1. Plaintiffs brought this facial challenge to the Administration's March 2026 "Addressing DEI Discrimination by Federal Contractors" Executive Order, No. 14,398, 91 Fed. Reg. 16,147 (Mar. 26, 2026) ("Contractors Order") and the FAR Council's subsequent implementation ("FAR Implementation") on grounds that the government's demand that federal contractors agree not to "engage in any racially discriminatory DEI activities" intended to and did chill their protected speech and associational rights and was issued in violation of the Administrative Procedure Act. *See, e.g.*, Dkt. 26, Amended Compl.

2. Both the Contractors Order and FAR Implementation announced that federal contractors must agree to a contract term that declares that neither contractors nor their subcontractors will engage in "racially discriminatory DEI activities," language that is "far from self-explanatory." Order at 10.

3. Yet because the Contractors Order and FAR Implementation defined "racially discriminatory DEI activities" to mean "disparate treatment based on race or ethnicity," this Court clarified that the effect of the challenged orders is to "only prohibit contractors from engaging in conduct that is already prohibited by federal law." *Id.* at 11.

4. Although neither the Contractors Order nor the FAR Implementation defined disparate treatment, the Court clarified that the term is "essentially synonymous with unlawful

intentional discrimination," *id.* at 11, and "means that any conduct prohibited by the [Contractors] Order is also prohibited by federal antidiscrimination law." *Id.* at 16.

5. At argument, the government conceded that acknowledging "a correlation between race and ethnicity and medical condition" does not amount to "intentional discrimination," Dkt. 44 ("Transcript") at 22; that "talking about historical examples of racial disparities" is not prohibited by the Contractors Order or FAR Implementation, *id.* at 34-35; that where conditions "disproportionately affect one racial group or another," then for members of the groups, "by definition, they are not similarly situated," *id.* at 23; and that a government enforcement action retaliating against protected speech on matters of public concern, including historic racial disparities, would raise "First Amendment problems[.]" *Id.* at 34-35.

6. The Court confirmed that the examples raised by the Plaintiffs—including research on health disparities and teaching and researching on race, ethnicity, diversity, equity, or inclusion—are "forms of expression *about* race" that do not on their own "treat anyone less favorably than others because of race or ethnicity," Order at 13, and these and other instances raised by Plaintiffs are not "prohibited by federal antidiscrimination law." *Id.* at 17.

7. The Court explained that "[i]f the government were to bring or threaten a False Claims Act enforcement action against a contractor based on such speech or programs, that not only would be unauthorized by the Contractors Order, but could very well violate the First Amendment and thereby give rise to an as-applied challenge to such enforcement action." *Id.* at 47 at 13-14; *see also id.* at 14-15 ("If the government were to enforce the Contractors Order consistent with a broader interpretation—by, for example, bringing FCA actions or canceling contracts in relation to DEI-related activity that does not constitute disparate treatment under

existing law—the targets of such enforcement could bring an as-applied challenge . . . and also point to the government's numerous representations in this case and in *NADOHE I.*").

8. The Court also confirmed that "[t]he Contractors Order expressly applies only to work the contractor is performing for the government pursuant to the contract in which the model language appears." *Id.* at 18.

9. As both the Court and counsel for the government recognized, an enforcement action "for conduct or speech outside the contract . . . may well be unconstitutional retaliation, as counsel for the government directly acknowledged." *Id.* at 18 (citing Transcript at 32).

ACCORDINGLY, in light of the Court's clarifications and the concessions made by the government, Plaintiffs voluntarily dismiss this action without prejudice. See Fed. R. Civ. P. 41(a)(1)(B).

Dated: October 28, 2026

Respectfully submitted,

/s/ Brooke Menschel
Brooke Menschel (D. Md. Bar No. 31492)
Andrea J. Matthews*
Briana M. Clark (D. Md. Bar No. 32273)
Steven Y. Bressler (D. Md. Bar No. 31881)
Brian Netter (D. Md. Bar No. 31723)
Kristen Miller*+
DEMOCRACY FORWARD
FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
T: (202) 448-9090
F: (202) 796-4426
bmenschel@democracyforward.org
amatthews@democracyforward.org
bclark@democracyforward.org
sbressler@democracyforward.org
bnetter@democracyforward.org

Sarah von der Lippe*
MINORITY BUSINESS ENTERPRISE
LEGAL DEFENSE AND EDUCATION
FUND
1104 East Capitol St. NE
Washington, DC 20002
T: (202) 744-5415
SCvdL@mbeldefwatchdog.org

*Counsel for Plaintiffs NAMC and NAMC-DMV*

consultantkmiller@democracyforward.org

*Counsel for Plaintiffs*

*Admitted pro hac vice
+Of Counsel

## CERTIFICATION OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically on October 28, 2026, to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Brooke Menschel*
Brooke Menschel
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
bmenschel@democracyforward.org